**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Joseph A. NEWBERG, Respondent.**

**No. 92–SC–475–KB.**

Supreme Court of Kentucky.

Oct. 22, 1992.

Ray Clooney, Kentucky Bar Ass'n, Frankfort, for complainant.

John R. Leathers, Robert M. Goldberg, Frost & Jacobs, Lexington, for respondent.

## ORDER

■ The Board of Governors of the Kentucky Bar Association (KBA) adjudged respondent, Joseph A. Newberg, guilty of violating DR 2–106(A) for charging an illegal or clearly excessive fee, and DR 2–103(A) for giving unsolicited legal advice with the subsequent acceptance of employment resulting from that advice.[1] The

---

**1.** The charges against respondent were under the Disciplinary Rules of the Code of Professional Responsibility, the alleged misconduct having occurred prior to January 1, 1990.

Board has recommended to this Court that respondent receive a suspension of 59 days and that he be ordered to pay the cost of the proceedings.

As to the issue of improper solicitation, the following facts were established. Two days after the funeral of Alvin Sons, respondent made an unsolicited visit to the administratrix of decedent's estate, to discuss with her the possibility of bringing a wrongful death action on behalf of the estate. Prior to this visit, the administratrix had never seen nor heard of respondent and had no intention of hiring him to handle any litigation. In fact, respondent had never before handled a wrongful death case or civil rights case similar to the action contemplated on behalf of the decedent. Despite the foregoing, respondent requested the administratrix to come to his office, gave her unsolicited legal advice, and then accepted employment resulting from that advice as evidenced by the signed retainer contract between the parties. In retainer contract, it was set forth that respondent's firm would represent the estate in connection with a suit for damages arising from the decedent's death. The contract further stated that "for such professional services [she agreed] to pay [Newberg] a fee of thirty-five percent (35%) of sums collected unless there [was] a trial for which [Newberg would] receive forty-five percent (45%)."

The only monies respondent ever recovered on behalf of the decedents estate consisted of $10,000.00 in Basic Reparation Benefits (BRBs) paid by Kentucky Farm Bureau Mutual Insurance Company. The Federal civil rights suit stemming from the decedent's death was dismissed on summary judgment.

From the $10,000.00 which was initially deposited in respondent's escrow account, he took $4,500 for attorney fees. As he was due no fee for services in the federal civil rights suit since there was no recovery, it was clearly excessive for Newberg to collect a 45% fee based solely on recovery of BRB payments.

In light of the foregoing misconduct in violation of the Disciplinary Rules of the Code of Professional Responsibility, we hereby adopt the decision of the Board of Governors.

Respondent is hereby suspended from the practice of law for fifty-nine (59) days. The respondent is directed to pay the cost of these proceedings. His motion for oral argument is denied.

All concur.

ENTERED: October 22, 1992.

/s/ Robert F. Stephens
Chief Justice